IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
CIVIL DIVISION

FILED
SALINE COUNTY CLERK

2015 MAY -1 PM 1:58

BY: EA

**ANGELA K. MATHESON**　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

VS.　　　　　63 CV-2015-322-2

**SHOE CARNIVAL, INC., CONTINENTAL
PROPERTY MANAGEMENT, INC.,
CHENAL COMMONS 1031, LLC,
JOHN DOES 1 – 10, Individually,
JOHN DOES 11 – 20, Individually, and
JOHN DOES 21-30, Individually**　　　　　　　　　　　　　**DEFENDANTS**

## COMPLAINT FOR PERSONAL INJURY

Comes Plaintiff, Angela K. Matheson, by and through her attorney, Win Trafford, and for her Complaint against Defendants, Shoe Carnival, Inc., Continental Property Management, Inc., Chenal Commons 1031, LLC, John Does 1 – 10, Individually, John Does 11 – 20, Individually, and John Does 21 – 30, Individually, states:

1. The Plaintiff was an individual resident of Saline County, Arkansas and resided in Saline County at the time of the incident giving rise to this action.

2. The Defendant, Shoe Carnival, Inc. is a foreign corporation doing business in Arkansas. Defendant, Shoe Carnival, Inc.'s registered agent of service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

3. The Defendant, Continental Property Management, Inc. is a corporation doing business in Arkansas. Defendant, Continental Property Management, Inc.'s registered agent of service is G.S. Brant Perkins, 1115 S. Main Street, Jonesboro, Arkansas 72401.

4. The Defendant, Chenal Commons 1031, LLC, is a foreign limited liability corporation doing business in Arkansas. Defendant, Chenal Common 1031, LLC's registered agent of service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

1

5. The identities of John Does 1 -10 who, through information and belief, are owners, employees, agents and/or servants of Defendant, Shoe Carnival, Inc., are unknown at this time; hence, the pseudo-names of John Does 1 -10 are used pursuant to Ark. Code Ann. § 16-56-105. In accordance with Ark. Code Ann. § 16-56-105, Plaintiff has attached hereto the Affidavit of Plaintiff's Counsel as Exhibit "A." Similarly, the identities of John Does 11- 20 and John Does 21 - 30, who through information and belief, are owners, agents or representatives of Defendants, Continental Property Management, Inc. and Chenal Commons 1031, LLC, are unknown at this time, and Plaintiff has used the pseudo-names of John Does 11 – 20 and John Does 21 – 30, which are also set forth in the Affidavit of Plaintiff's Counsel, attached hereto as Exhibit "A."

6. On May 8, 2012, Plaintiff, Angela K. Matheson, was shopping in the Shoe Carnival, Inc., in Little Rock, Arkansas. Ms. Matheson was a business invitee of Defendants at the time of the accident. Ms. Matheson went to the restroom, and when she came out, she slipped and fell in water that had leaked from the water fountain, which was unmarked and virtually invisible to customers such as Plaintiff. When Ms. Matheson fell, she struck her head on the door trim. She also received two (2) small cuts to the back of her head. Her eyes were black and blue and swollen, especially her left eye. The bruising lasted approximately two (2) weeks, injuries to her back, neck and other parts of her body all of which resulted a loss of wages, pain, suffering and mental anguish, past and future, permanent and partial disability as a result of Defendants' negligence in maintaining its property, Plaintiff sustained serious injuries and damages, as more specifically described herein:

    (a)     Head: Plaintiff's headaches have become more severe and frequent. She usually goes to bed with a headache and wakes up with one. These headaches are debilitating in that she cannot think, see or comprehend what is going on around her. The headaches often start very suddenly, with the pain originating from the two (2) permanent scars on her forehead. Plaintiff is often terrified when the headaches strike, fearing they could be an aneurysm. The headaches can be

anywhere from three to four (3-4) hours up to two to three (2-3) days in duration. She now averages over sixteen (16) headache days a month, where before she only averaged six to twelve (6-12) headache days a month.

(b) Neck/Shoulder: Plaintiff suffers extreme tightness and pain in her neck and shoulders every day. She does not have a day without neck and shoulder pain. She is unable to reach down and pick something up off of the floor without extreme pain, and often not without assistance standing back up. Prior to this fall, Plaintiff was seeing Dr. Hart once a year, sometimes going as long as three years between visits. Now, she must see him every three (3) months, when her insurance allows. Due to insurance restrictions, her pain is still not properly managed. Numbness, tingling and radiating pain down both arms make it difficult for Plaintiff to have a decent quality of life.

(c) Eyes: For the first couple of months after the fall, Plaintiff suffered extreme blurred vision and floating spots. She was initially told she had optical nerve damage, due to the hard hit to her head, and that this could result in eventual blindness. The optical nerve damage was eventually ruled out, but during that time, Plaintiff lived in fear of losing her vision.

(d) Back/Legs: Plaintiff suffers terrible pain in her lower back, radiating down to her hips and legs. On several occasions, Plaintiff has been walking and pain suddenly strikes, causing her legs to "give out" and causing her to fall. She often requires assistance getting to a chair or bed during these occurrences. Plaintiff can no longer travel any great distance because she cannot endure sitting in the car very long. Plaintiff has endured several painful procedures, such as Sacral Joint Injections, Sacral Facet Injections, Diskograms, MRI Scans, X-rays, and Radio-Frequency Facet Injections, to try and determine the cause of her pain.

(e) Mental: Plaintiff struggles with depression on a daily basis. She has terrible mood swings and often cries at the drop of a hat. Pain and discomfort are a daily battle for her, and she feels like she is losing this battle. She feels as if she is no longer the same person. Prior to the accident, Plaintiff was a fun, out-going, vibrant person who enjoyed being outdoors and traveling. She is no longer able to do any of those things. Plaintiff is no longer able to do basic chores and cleaning around her home. If Plaintiff sees water on the floor anywhere, it causes her to have panic attacks. She lives in fear of falling again, and often suffers nightmares about falling again.

7. Defendants, Shoe Carnival, Inc., Continental Property Management, Inc., and Chenal Commons 1031, LLC, through its agents, servants and/or employees, including but not limited to, John Does 1 – 10, John Does 11 – 20, and John Does 21 – 30, were negligent in the following respects:

(a) Failing to provide safe premises for the Plaintiff, as a business invitee;

(b) Failing to properly mark the areas of wet floor around the water fountain and restrooms;

(c) Failing to properly train or supervise employees as to the safe upkeep and maintenance of its property;

(d) Failing to properly inspect the premises;

(e) Failing to warn the Plaintiff that there was an dangerous condition; and

(f) Otherwise failing to exercise ordinary care under the circumstances for the safety of the Plaintiff.

8. As a proximate result of the negligence of the Defendants, the Plaintiff, Angela K. Matheson, sustained permanent injury. As a result of the permanent injury to her, the Plaintiff, Angela K. Matheson, sustained a loss of earnings and earning capacity, has undergone excruciating pain and suffering and mental anguish in the past and will continue to undergo such pain and suffering in the future, has incurred medical expenses in the past and will continue such expenses in the future, all to her damage in a sum greater than the federal jurisdictional limits.

9. Plaintiff should be awarded punitive damages in a sum greater than the federal jurisdictional limits, because the water had been on the floor for at least 30 (thirty) days or more, with no notice to customers, and this problem should have been dealt with.

10. John Does 1 through 30 have been added as Defendants in the event there are other responsible parties, so they can be added as Defendants and so the Defendants' negligence can be imputed to them or the Defendants' name is incorrectly spelled.

11. Plaintiff demands a trial by jury.

WHEREFORE, the Plaintiff, Angela K. Matheson, individually, requests entry of judgment against the Defendants, for compensatory and punitive damages, jointly and severally, Shoe Carnival, Inc., Continental Property Management, Inc., Chenal Commons 1031, LLC, John Does 1-10, John Does 11-20, and John Does 21-30, in a sum greater than the federal

jurisdictional limits to compensate her for her damages and the Plaintiff requests entry of judgment against the John Doe Defendant's in a sum greater than the federal jurisdictional limits for the same reasons. Plaintiff should also be awarded punitive damages in a sum greater than the federal jurisdictional limits, costs, attorney's fees and all other proper relief. Plaintiff reserves the right to bring in other Defendants if any are discovered, and to amend the Complaint and Summons to correct any errors in the initial Complaint sand Summons.

                                          Win Trafford
                                          Attorney for Plaintiff
                                          709 West 6th Avenue
                                          Pine Bluff, Arkansas 71601
                                          P: (870) 534-3743
                                          F: (870) 534-7142

STATE OF ARKANSAS   )
                            )    **VERIFICATION**
COUNTY OF JEFFERSON  )

I, Angela K. Matheson, hereby state on oath that the facts and matters set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

                                          Angela K. Matheson

SUBSCRIBED AND SWORN to before me this 1st day of May, 2015.



[S E A L]                                          NOTARY PUBLIC